UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BRUCE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-1089 |
| | ) | |
| v. | ) | Honorable Robert J. Jonker |
| | ) | |
| JENNIFER GRANHOLM et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Granholm. The Court will serve the complaint against Defendants Patricia Caruso, Cindi Curtin, and Paul Wiese.

**Discussion**

I.  Factual allegations

Plaintiff is currently incarcerated at Carson City Correctional Facility, but the events underlying his complaint occurred while at Oaks Correctional Facility (ECF). Plaintiff sues Governor Jennifer Granholm, MDOC Director Patricia Caruso, ECF Warden Cindi Curtin, and ECF Psychiatrist Paul Wiese. In his *pro se* complaint, Plaintiff alleges that he spoke personally with Defendants Caruso and Curtin last August and they refused to send him to a facility with "outpatient treatment." (Compl. at 3.) Plaintiff further alleges that he has been denied mental health treatment, is being abused and told this to Defendant Granholm, but received no response. Plaintiff asserts that Defendant Wiese threatened to place him in four-point restraints if he continues to ask for help. (*Id.*)

Plaintiff seeks an unspecified amount of monetary damages and an investigation "into all prison mental health psy[chiatric] services to see if they have adequate care." (*Id*. at 4.)

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Governor Granholm, other than his claim that she failed to respond to his letter.  (Compl. at 3.)  A plaintiff bringing an action under § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).  As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior.  There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."   *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  Plaintiff has failed to demonstrate that Defendant Granholm engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

Plaintiff's allegations against the remaining Defendants are sufficient to state an Eighth Amendment claim and will be served.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Granholm will be dismissed for failure to state a claim under

28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Patricia Caruso, Cindi Curtin, and Paul Wiese.

        An Order consistent with this Opinion will be entered.


Dated:   January 14, 2008            /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE