UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE WILLIAMS,

         Plaintiff,                          Case No. 1:07-cv-1089

v.                                            Honorable Robert J. Jonker

JENNIFER GRANHOLM et al.,

         Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On March 13, 2008, Defendants filed a motion to dismiss the complaint (docket #11) on the ground that Plaintiff has "three strikes" within the meaning of 28 U.S.C. § 1915(g). Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will vacate its previous order granting Plaintiff leave to proceed *in forma pauperis* and order Plaintiff to pay the $350.00 civil action filing fee within thirty days of this opinion and accompanying order. If Plaintiff fails to pay the fee within the time provided by the Court, his action will be dismissed without prejudice.

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id*. For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id*. at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."[1] The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir.

---

[1] Plaintiff's allegations in this case do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

While the form complaint used by Plaintiff to file his action requests information regarding all of his previous lawsuits, Plaintiff failed to disclose his previous cases in this Court. As indicated by Defendants, this Court has dismissed three of Plaintiff's lawsuits for failure to state a claim. *See Williams v. Travis et al.*, No. 1:04-cv-405 (W.D. Mich. July 21, 2004); Williams v. Love, 1:06-cv-380 (W.D Mich. June 21, 2006); and *Williams v. Bond et al.*, 1:07-cv-321 (W.D. Mich. June 12, 2007). Plaintiff, therefore is prohibited from proceeding *in forma pauperis* in this action under § 1915(g).

Defendants seek dismissal of Plaintiff's action because he has three strikes and has not paid the filing fee. Plaintiff must be given an opportunity to pay the fee before his case can be dismissed. Therefore, the Court will deny Defendants' motion to dismiss Plaintiff's action, but will grant Defendants' motion to the extent that the Court will vacate the order granting Plaintiff leave to proceed *in forma pauperis*. Plaintiff will have thirty days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. If Plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice. Plaintiff will continue to be responsible for payment of the $350.00 filing fee even if his case is dismissed. *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

An Order consistent with this Opinion will be entered.

Dated:    May 15, 2008            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**